IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 08-008ML |
| | ) | |
| DENNIS R. EVANS | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

The guidelines calculations:

On February 27, 2008, Defendant Dennis R. Evans (the defendant or Evans) entered a plea of guilty to two counts of a criminal Information charging him with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d).[1] The facts of the offense were fairly stated at the change of plea hearing and are fairly stated in the presentence investigation report (PSR). The Court is not bound by the plea agreement. The government has agreed not to recommend a term of imprisonment greater than twenty years, which would include any recommended consecutive term of imprisonment for violation of his supervised release.

In computing the advisory sentencing range, the probation officer correctly determined that the defendant, as a career offender, had a total offense level of 31 and a total of 19 criminal history points.[2] Both career offender status and 19 criminal history points yield a Criminal

[1] At the same time, the defendant also admitted to violating the terms of his supervised release imposed in Cr. No. 91-108ML

[2] Twenty-four of the defendant's convictions did not qualify for criminal history points.

History Category VI. The guideline range is 188 to 235 months imprisonment. The defendant has made no objection to the PSR.

Argument

The defendant's PSR indicates that through age 57, he has been arrested 36 times as an adult, including the instant offense. Of these 36 arrests, 30 have resulted in convictions. Of his 30 convictions, at least 19 constituted felony convictions. His criminal journey can be summarized as follows:

| Age | Arrest Date | Conviction Date | Offense |
|---|---|---|---|
| 18 | 03/12/1969 | 09/10/1969 | Breaking and entering (F) |
| 18 | 03/24/1969 | 03/27/1969 | Larceny of a motor vehicle (?) |
| 18 | 04/28/1969 | 05/20/1969 | Larceny (M) |
| 18 | 09/14/1969 | 02/10/1970 | Operating unregistered motor vehicle (M) |
| 18 | 10/30/1969 | 12/11/1969 | Failure to reduce speed, accident resulting (M) |
| 18 | 11/10/1969 | 12/02/1969 | Breaking and entering/Larceny (F) |
| 18 | 11/25/1969 | 03/31/1970 | Lewd and wanton (M) |
| 19 | 09/23/1970 | 09/23/1970 | Operating on suspended license (M) |
| 19 | 01/11/1971 | ? | Possession of controlled substance/Weapon (F) |
| 21 | 11/04/1972 | 05/07/1974 | Assault with a dangerous weapon (F) |
| 22 | 04/30/1973 | 10/15/1973 | DUI (M) |
| 22 | 05/12/1973 | 05/07/1974 | Breaking and entering (F) |
| 22 | 07/02/1973 | 05/07/1974 | Breaking and entering/ADW (F) |
| ? | ? | 11/12/1974 | Larceny (F) |

| | | | |
|---|---|---|---|
| 24 | 10/28/1975 | 03/18/1976 | Possession of controlled substance & needle (F) |
| 25 | 05/13/1976 | 05/28/1976 | Operating on suspended license (M) |
| 25 | 10/28/1976 | 10/28/1976 | Reckless driving/Suspended license (M) |
| 26 | 01/04/1978 | 10/03/1978 | Possession WITD controlled substance (F) |
| 27 | 04/05/1978 | 10/03/1978 | Delivery of controlled substance/Firearm (F) |
| 29 | 11/02/1980 | 11/02/1980 | Possession of needle (M) |
| 29 | 12/27/1980 | 07/15/1981 | Bank robbery/Firearm (F) |
| 29 | 01/03/1981 | 07/15/1981 | Armed robbery/Firearm (F) |
| 34 | 01/04/1986 | 06/08/1987 | Assault by inmate (F) |
| 37 | 08/19/1988 | 12/17/1992 | Bank robbery (F) |
| 37 | 11/16/1988 | 08/16/1996 | Possession of controlled substance/Firearm (F) |
| 37 | 01/03/1989 | 08/01/1989 | Possession of controlled substance & needle (F) |
| 37 | 01/03/1989 | 08/01/1989 | Receiving stolen goods over $500 (F) |
| 38 | 01/29/1989 | 08/01/1989 | Malicious damage (M) |
| 40 | 05/29/1991 | 06/03/1993 | Escape (F) |
| 40 | 11/12/1991 | 09/22/1992 | Felon in possession of forearm (F) |

If nothing else, the defendant's criminal history makes clear that he is a recidivist and is likely to recidivate. It is a virtual certainty that he will commit one or more felony offenses upon release from whatever sentence the Court imposes in the instant case. Under an advisory guideline analysis, the defendant's classification as a career offender is both correct and appropriate. This leaves the analysis of the § 3553(a) factors, some of which are as follows:

**The nature and circumstances of the offense.** The circumstances include a broad-

daylight bank robbery; a bank branch staffed by only two women tellers; Evans armed with a what appeared to be a handgun[3]; the handgun pointed at one bank teller; the use of a stolen vehicle now rendered essentially valueless to the owner; and a plan that was at least two days in the making.

**The history and characteristics of the defendant.** The government incorporates its above analysis of the defendant's criminal history, most particularly the number and frequency of felony offenses. What jumps out from that analysis is that the instant offense is the defendant's third bank robbery conviction and overall fourth robbery conviction since age 29. Further, the defendant has five convictions involving possession of a firearm. Further, the defendant lasted less than nine months of a two-year term of supervised release before committing the instant offense.

**The seriousness of the offense.** The phrase "armed bank robbery" speaks for itself. There are only a small handful of offenses more serious than an armed bank robbery in terms of danger to members of the public.

**Adequate deterrence.** A career offender sentence is necessary to deter others from committing similar offenses. By its vary nature, an armed bank robbery is life-threatening to those employees and customers inside the bank, to those persons in the immediate vicinity of the bank, and to those persons in the immediate vicinity of any resulting police chase. A sentence that may force others to "think twice" before engaging in similar criminal conduct is necessary.

---

[3] No handgun was recovered. In the woods where Thibodeau and Evans were arrested, officers found a clip for an air pistol. It is unknown whether this air pistol clip is connected to the robbery.

**Protection of the public from further crimes of the defendant.** Many of the defendant's previous convictions have involved real victims, whether those victims be banks, bank customers, bank employees, owners of premises broken into, persons whose goods were stolen, or persons assaulted. Based upon Evans' past, there is every reason to believe that he will commit future crimes and that those crimes will again impact real victims.

**Educational and/or vocational training.** The defendant has served many years in both state and federal correctional institutions. Whatever opportunities he availed himself of during those years appear to have had no effect. Even leniency by the Superior Court in reducing a 1992 term of imprisonment of 50 years to 35 years in 2004, with additional leniency by the Parole Board in 2006, appears to have had no impact. There is no reason to believe that a sentence below the career offender guideline range in this matter would have any rehabilitative effect.

A sentence of 216 months imprisonment is both reasonable and appropriate.[4]

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

[4] In Cr. No. 91-108, the government intends to recommend a sentence of twenty-four months imprisonment consecutive to the term of imprisonment imposed in Cr. No. 08-008.

CERTIFICATION

On the 24th day of June, 2008, I caused the within Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Richard K. Corley, Esquire
Law Offices
127 Dorrance Street, 2nd floor
Providence, RI 02903

Heather McLaughlin
United States Probation Officer
United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov